IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JAN 1 1 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

PERRY HILES AND WIFE, JANICE HILES,                     PLAINTIFFS

VS.                                CIVIL ACTION NO. 3:06cv21TSL-AGN

PAN-AMERICAN LIFE INSURANCE COMPANY,                    DEFENDANTS
LIFEGUARD BENEFIT SERVICES, INC.,
NEW HEALTH CARE MANAGEMENT GROUP,
PPO AMERICA, ABC, DEF AND GHI

## NOTICE OF REMOVAL

Pan-American Life Insurance Company (Pan-American), one of the Defendants in the above-entitled action, by and through its counsel, appearing specially so as to reserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., files this, its Notice of Removal of this action from the Circuit Court of Smith County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division, and, in support thereof, would show unto the Court the following matters and facts, to-wit:

I.

This action is being removed to federal court, pursuant to 28 U.S.C. §1441, based upon federal question jurisdiction (28 U.S.C. §1331) under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, et seq. (ERISA).

II.

On or about November 29, 2005, the Plaintiffs brought this action by the filing of a Complaint in the Circuit Court of Smith County, Mississippi, bearing Civil Action No. 2005-378. Process was served upon Pan-American on December 12, 2005, and this case first became removable to this Court at the time of service.

III.

According to the Complaint, the Plaintiffs are adult resident citizens of the State of Mississippi.

IV.

The Plaintiffs have improperly alleged in the Complaint that Pan-American is a resident company of the State of Mississippi. Pan-American is a non-resident insurance company with its principal place of business in the State of Louisiana. As Plaintiffs alleged in the Complaint, Lifeguard Benefit Services, Inc. (Lifeguard), New Health Care Management Group (New Health), and PPO America (PPO) are non-resident corporations doing business in the State of Mississippi. Lifeguard is a non-resident corporation with its principal place of business in the State of Texas. New Health is a non-resident corporation with its principal place of business in the State of Georgia. PPO is a non-resident corporation with its principal place of business in the State of Georgia.

V.

On information and belief, the Plaintiff Janice Hiles'

employer established and maintained an employee welfare benefit plan (the "Plan"), as defined by ERISA, 29 U.S.C. §1002(1), which provided, *inter alia*, disability insurance benefits funded through the purchase of insurance. On information and belief, the Plaintiff Janice Hiles was a participant in the Plan, as defined by ERISA, 29 U.S.C. §1002(7), and the action filed by the Plaintiffs related to the Plan.

VI.

The Plaintiffs' Complaint purports to assert common law contract, equitable and tort claims, arising out of and relating to the Plan. The Plaintiffs seek $70,000 in actual and punitive damages, plus costs. As a matter of law, ERISA preempts and supersedes any state law causes of action or claims for relief. The Plaintiffs' exclusive remedy is under and pursuant to ERISA, and all claims purporting to be based on state law are converted to claims under ERISA.

VII.

The United States District Court for the Southern District of Mississippi and the Jackson Division of said Court are the district and division embracing the place where the aforesaid state court action is pending.

VIII.

This Notice of Removal is being filed pursuant to 28 U.S.C. §1446, within thirty (30) days from the date process was served on

Pan-American. Attached hereto as Exhibit "A" is a true and correct copy of all process, pleadings and orders served on Pan-American.

IX.

Contemporaneously with the filing of this Notice of Removal, Pan-American is giving written notice of the filing of this Notice of Removal to the Plaintiffs, and a true and correct copy of this Notice will be duly filed with the clerk of the Circuit Court of Smith County, Mississippi, as required by 28 U.S.C. §1446(d).

WHEREFORE, PREMISES CONSIDERED, Pan-American Life Insurance Company prays that this Court will proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Smith County, Mississippi, be hereby stayed.

Respectfully submitted,

**PAN-AMERICAN LIFE INSURANCE COMPANY**

BY: _____
Kelly D. Simpkins (MSB #9028)
Diala H. Chaney (MSB #101472)
Attorneys for Pan-American Life
Insurance Company

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
600 Lamar Life Building
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: 601 355-8321

4

## CERTIFICATE OF SERVICE

I, Diala H. Chaney, attorney for Pan-American Life Insurance Company do hereby certify that a true and correct copy of the above and foregoing **Notice of Removal** has been forwarded to Anthony Grayson, Circuit Clerk of Smith County, Mississippi, P. O. Box 517, Raleigh, Mississippi 39153, for filing and docketing in Civil Action No. 2005-378, and Mark Tullos, P.O. Box 505, Raleigh, Mississippi 39153, attorney for the Plaintiffs, by depositing the same in the United States Postal Service, with postage prepaid.

This the 11th day of January, 2006.

                                                                      _____
                                                                      Diala H. Chaney



RECEIVED DEC 28 2005

**GEORGE DALE**
Commissioner of Insurance
State Fire Marshal

**LEE HARRELL**
Deputy Commissioner of Insurance

**STATE OF MISSISSIPPI**
Mississippi Insurance Department

501 N. West Street
1001 Woolfolk Building (39201)
Post Office Box 79
Jackson, Mississippi 39205-0079
(601) 359-3569
http://www.doi.state.ms.us

December 12, 2005

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7004 1160 0004 9839 2826

Pan-American Life Insurance Company
Attn: Secretary
P. O. Box 60219
New Orleans, LA 70160

In Re: Cause No. 2005-378
Perry Hiles and Wife, Janice Hiles vs. Pan-American Life Insurance Company, et al., Circuit Court of Smith County, Mississippi

Dear Sir/Madam:

Please find enclosed copy of summons, complaint, and accompanying pleadings, if any, which were received in this office by Certified Mail on December 12, 2005.

It is requested that immediately upon your receipt of this letter you shall give written acknowledgment of your receipt of same to this office, which shall be in addition to the U. S. Postal Return Receipt which was given at time this article was delivered.

Sincerely,

GEORGE DALE
COMMISSIONER OF INSURANCE

BY *Ann K. Kelly*
Ann K. Kelly
Secretary to Deputy Commissioner and
Legal Process Clerk

GD/ak
Enclosures
pc: Mark K. Tullos, Esq.

EXHIBIT
A

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,
JANICE HILES                                                                                    PLAINTIFFS

VS.                                                                                             CAUSE NO. 2005-378

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD
BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT
GROUP, PPO AMERICA, ABC, DEF, AND GHI                                                           DEFENDANTS

### SUMMONS

### NOTICE

TO:  Honorable George Dale
     Post Office Box 79
     Jackson, Mississippi 39205
     Agent for Defendant, Pan-American Life
     Insurance Company

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to MARK K. TULLOS, ATTORNEY AT LAW, whose post office address is POST OFFICE BOX 505, RALEIGH, MISSISSIPPI 39153. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 6th day of December, 2005.

ANTHONY GRAYSON, Clerk
CIRCUIT COURT, SMITH COUNTY

BY: _Clara Bunn_, D.C.

(SEAL)

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,
JANICE HILES                                                                    PLAINTIFFS

VS.                                                             CAUSE NO. 2005-378

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD
BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT
GROUP, PPO AMERICA, ABC, DEF AND GHI                   DEFENDANTS

## COMPLAINT

COMES now Perry Hiles and wife, Janice Hiles, Plaintiffs in the above styled and numbered cause, and files this their Complaint against the Defendants, Pan-American Life Insurance Company, LifeGuard Benefit Services, Inc., New Health Care Management Group, PPO America, ABC, DEF, and GHI, and in support thereof would show unto the Court the following facts, to wit:

1. That the Plaintiffs are adult resident citizens of Smith County, Mississippi.

2. That the Defendant, Pan-American Life Insurance Company, is a resident insurance company of the State of Mississippi with its principal place of business at 715 South Pear Orchard Road, Ridgeland, Mississippi 39158-6005. That process may be served on said resident insurance company by serving Honorable George Dale, Commissioner of Insurance of the State of Mississippi at his office in Jackson, Hinds County, Mississippi.

3. That the Defendant, LifeGuard Benefit Services, Inc., is a non-resident corporation and/or insurance company of the State of Mississippi and is domiciled in the State of Texas. That process may be served on said Defendant at Post Office Box 93929, Southlake, Texas 76092-3929.

FILED
NOV 29 2005
SMITH CO. CIRCUIT CLERK

4. That the Defendant, New Health Care Management Group, is a non-resident corporation and/or insurance company of the State of Mississippi and is domiciled in the State of Georgia. That process may be served on said Defendant at 2814 Spring Road, Suite 122, Atlanta, Georgia 30339.

5. That the Defendant, PPO America, is a non-resident corporation and/or insurance company of the State of Mississippi and is domiciled in the State of Georgia. That process may be served on said Defendant at 2814 Spring Road, Suite 1, Atlanta, Georgia 30339.

6. That the various Defendants designated as ABC, DEF, and GHI are based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, subcontractors, joint adeventurers, or any other related person or entity of the named Defendants and./or any and all other persons who may be liable to the Plaintiffs for the claims asserted herein.

7. That the Plaintiff, Janice Hiles, purchased a policy of accident and health insurance through the Defendants and said insurance provided disability insurance on the Plaintiff, Perry Hiles. That the Defendants issued unto the Plaintiff, Perry Hiles, that certain certificate of disability insurance bearing policy number 33642-320. That said policy of insurance provided certain benefits in the event Plaintiff, Perry Hiles, became sick or disabled.

8. That subsequent to the issuance of said policy of insurance by the Defendants, the Plaintiff, Perry Hiles, became disabled on September 29, 2004 and as a result thereof was unable to perform the duties of any occupation for which he was reasonably qualified by education, training or experience. Thereafter, Plaintiffs submitted several claims to the Defendants and

have contacted the Defendants on numerous occasions, however, said Defendants have totally and intentionally failed, refused and neglected to pay unto the Plaintiff, Perry Hiles, those benefits to which he is entitled under the terms and provisions contained within said certificate of insurance involved herein. That the Plaintiff, Perry Hiles, was entitled to receive the disability insurance benefits under the certificate of insurance as said certificate was in full force and effect at the time Plaintiff, Perry Hiles, became disabled, and said certificate was in full force and effect at all times relevant hereto, and said Plaintiffs have performed all obligations under said certificate of insurance on their behalf.

9. That the Plaintiffs have contacted the Defendants on several occasions and requested the benefits which Plaintiff, Perry Hiles, was entitled under said certificate of insurance which was issued by the Defendants to the Plaintiffs, but the Defendants have failed, refused, and neglected to pay the full benefits to which the Plaintiff, Perry Hiles, is entitled.

10. That the Defendants have breached its duty of fair dealings and good faith owed to the Plaintiffs in the following respects, to wit:

a. Failure to pay the benefits under said policy of insurance when the Defendants knew that the Plaintiff, Perry Hiles, was entitled to the benefits under the policy of insurance.

b. Willfully and in bad faith withholding or delaying full payment from the Plaintiff, Perry Hiles, knowing that his claim for benefits under the policy was valid.

c. Refusal to honor the claim of the Plaintiff, Perry Hiles, without a legitimate or arguable reason.

d. Refusal to honor the claim of the Plaintiff, Perry Hiles, for reasons contrary to the express provisions of the policy of insurance.

e. Willfully and in bad faith using the fact of the unequal wealth and bargaining position of the parties to effect economic gain for the Defendants.

f. By refusing to pay the full benefits at a time when the Defendants had insufficient information or other data within its possession to justify such action.

g. By other acts or omissions of the Defendants.

11. That as a further proximate result of the aforementioned wrongful conduct of the Defendants, the Plaintiffs suffered anxiety, worry, mental and emotional distress, and other incidental damages.

12. That the Defendants have willfully and intentionally wronged the Plaintiffs or have treated the Plaintiffs with such gross and reckless negligence or disregard as is equivalent to such a wrong, thereby entitling the Plaintiffs to recover punitive damages from the Defendant in addition to actual damages.

13. That by issuing the certificate of insurance to the Plaintiffs and accepting premiums from them, the Defendants agreed and promised that if the Plaintiff, Perry Hiles, became totally disabled, then the duty of the Defendants to pay benefits under the certificate of insurance would arise. That after the Plaintiff, Perry Hiles, became disabled, he submitted claims to the Defendants, which gave rise to the Defendants' duty to pay benefits as herein alleged. That after the duty to pay benefits arose, the sum of money attributable to said benefits was no longer the property of the Defendants, but was held by said Defendants for the sole benefit and use of the Plaintiffs thereby creating a fiduciary relationship between the Defendants and the Plaintiffs. That the Defendants breached its fiduciary duty to the Plaintiffs by the acts or omissions stated herein, all to the Plaintiffs' damages as set forth herein.

14. That the Defendants made written and oral promises to the Plaintiffs which were contained within the written and oral sales presentation made to them, and which were contained within the certificate of insurance issued to them, to pay the benefits in the event Plaintiff, Perry Hiles, became disabled. That the Defendants made said promises for the purpose of inducing the Plaintiffs to rely upon said promises and to act in reliance upon them. That the Plaintiffs relied upon said promises and paid premiums thereon. That the Defendants did not intend to perform said promises to the Plaintiffs and made said promises with intent to defraud the Plaintiffs. That the Plaintiffs were unaware of the Defendants' intention not to perform and justifiably relied upon the promises made by the Defendants to their detriment.

WHEREFORE, Plaintiffs demand judgment of and from the Defendants, jointly and severally, in the amount of $35,000.00 actual damages, in the amount of $35,000.00 punitive damages, or a total amount of $70,000.00 and all costs of Court, plus pre and post judgment interest.

Respectfully submitted,

MARK K. TULLOS
ATTORNEY FOR PLAINTIFFS

MARK K. TULLOS
Post Office Box 505
Raleigh, Mississippi 39153
Phone: 601-782-4587
Facsimile: 601-782-4210
E-mail: mktullos@bellsouth.net
MS Bar No. 9897
ATTORNEY FOR PLAINTIFFS

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,  
JANICE HILES                                                                PLAINTIFFS

VS.                                                                 CAUSE NO. <u>2005-378</u>

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD  
BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT  
GROUP, PPO AMERICA, ABC, DEF, AND GHI                                       DEFENDANTS

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I acknowledge that I have received a copy of the Summons and of the Complaint in the above-captioned matter in the State of __Mississippi__.

December 12, 2005  
DATE

_____Ann K. Kelly_____  
SIGNATURE

Legal Process Clerk for  
Commissioner of Insurance

RELATIONSHIP TO  
ENTITY/AUTHORITY TO RECEIVE  
SERVICE OF PROCESS

STATE OF __Mississippi__  
COUNTY OF __Hinds__

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____Ann K. Kelly_____, who solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

SWORN TO AND SUBSCRIBED BEFORE ME, this the __12th__ day of __December__, 2005.

NOTARY PUBLIC

My commission expires:

FILED  
DEC 2? 2005  
SMITH COUNTY

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,
JANICE HILES

PLAINTIFF

VS.

CAUSE NO. 2005-378

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD
BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT
GROUP, PPO AMERICA, ABC, DEF, AND GHI

DEFENDANTS

### CERTIFIED MAIL - RETURN RECEIPT REQUESTED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
New Health Care Management Group
2814 Spring Road
Suite 122
Atlanta, Georgia 30339

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
   Pamela Banks / 2-1

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7000 0520 0017 1132 1062

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**FILED**

DEC 2 2 2005

SMITH COUNTY

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,
JANICE HILES                                              PLAINTIFF

VS.                                            CAUSE NO. <u>2005-378</u>

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD
BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT
GROUP, PPO AMERICA, ABC, DEF, AND GHI              DEFENDANTS

### CERTIFIED MAIL - RETURN RECEIPT REQUESTED

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) Pamela Banks   C. Date of Delivery 12/13 |
| 1. Article Addressed to:<br><br>PPO America<br>2814 Spring Road<br>Suite 1<br>Atlanta, Georgia 30339 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7000 0520 0017 1132 1055 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**FILED**

**FILED**

DEC 22 2005
SMITH COUNTY CIRCUIT COURT

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  *Billy Brown*   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>Billy Brown   DEC 12 2005 |
| 1. Article Addressed to:<br>Honorable George Dale<br>Commissioner of Insurance<br>Post Office Box 79<br>Jackson, Mississippi 39205<br>Agent for Defendnat, Pan-American Life Insurance Company, et al | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7000 0520 0017 1132 1031 | |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

FILED
DEC 22 2005
SMITH COUNTY CIRCUIT COURT

## IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,  
JANICE HILES                                                            **PLAINTIFFS**

VS.                                                            CAUSE NO. <u>2005-378</u>

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD  
BENEFIT SERVICES, INC., NEW HEALTHCARE MANAGEMENT  
GROUP, PPO AMERICA, ABC, DEF, AND GHI                  **DEFENDANTS**

### CERTIFIED MAIL - RETURN RECEIPT REQUESTED

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  _Michelle Williams_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name) _Michelle L. Williams_  C. Date of Delivery |
| 1. Article Addressed to:<br>LifeGuard Benefit Services, Inc.<br>Post Office Box 93929<br>Southlake, Texas 76092-3929 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label)  7000 0520 0017 1132 1079 | |
| PS Form 3811, August 2001  Domestic Return Receipt  102595-02-M-1035 | |

**FILED**  
DEC 2 2 2005  
SMITH COUNTY CIR...

IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,
JANICE HILES

PLAINTIFFS

VS.

CAUSE NO. <u>2005-378</u>

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD
BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT
GROUP, PPO AMERICA, ABC, DEF, AND GHI

DEFENDANTS

## NOTICE

TO:  **Honorable George Dale**
     **Post Office Box 79**
     **Jackson, Mississippi 39205**
     **Agent for Defendant, Pan-American Life**
     **Insurance Company**

The enclosed summons and Complaint are served pursuant to Rule 4(C)(3) of the Mississippi Rules of Civil Procedure. <u>You must sign and date the Acknowledgment that is attached.</u> If you are served on behalf of a Corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and Complaint.

<u>If you do not complete and include this form, you (or the party on whose behalf you are being served) must respond to the Complaint within thirty (30) days of receipt of this notice. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.</u>

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on _8th December_, 2005.

ANTHONY GRAYSON, Clerk
Circuit Court, Smith County

(SEAL)                    BY: _Clara Bryan_, D.C.

# IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI

PERRY HILES AND WIFE,
JANICE HILES — PLAINTIFF

CAUSE NO. 2005-378

VS.

PAN-AMERICAN LIFE INSURANCE COMPANY, LIFEGUARD BENEFIT SERVICES, INC., NEW HEALTH CARE MANAGEMENT GROUP, PPO AMERICA, ABC, DEF, AND GHI — DEFENDANTS

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable George Dale
Commissioner of Insurance
Post Office Box 79
Jackson, Mississippi 39205
Agent for Defendnat, Pan-American
Life Insurance Company, et al

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Billy Brown ☐ Agent ☐ Addressee

B. Received by (Printed Name) Billy Brown

C. Date of Delivery DEC 12 2005

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 0520 0017 1132 1031

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1035

FILED
DEC 22 2005
[illegible] COUNTY CIRCUIT COURT